U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 3 0 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TIPPANY DENAE GROOMS | § | |
| | § | |
| VS. | § | NO. 4:10-CV-267-A |
| | § | (NO. 4:07-CR-147-A) |
| | § | |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Tippany Denae Grooms, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the government's response, movant's reply, the entire record of this case, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On November 20, 2007, movant pleaded guilty to count four of the superseding indictment, bank robbery in violation of 18 U.S.C. § 2113(a) and 2, and count five, using or carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1) and 2. The court on March 14, 2008, sentenced movant to a term of imprisonment of fifty-one months as to count four, and a term of imprisonment of eighty-four months as to count five, to be served consecutively to each other, followed by a three-year term of supervised release as to each count, to be served concurrently. On February 4, 2009, the Fifth Circuit affirmed movant's conviction and sentence. United States v.

Grooms, 2009 WL 260612 (5th Cir. Feb. 4, 2009). Movant timely filed the instant motion.

## II.

### Grounds of the Motion

Movant claims she is entitled to relief on the following grounds: (1) violation of her Sixth Amendment right to effective assistance of counsel because counsel recommended she plead guilty when he knew or should have known her sentence would be enhanced under § 3C1.1 of the United States Sentencing Guidelines and failed to notify her of the consequences of her plea agreement; (2) counsel's conduct described in ground one rendered her guilty plea unknowing and involuntary; (3) counsel was ineffective for failing to advise her that pleading guilty to the conduct alleged in count five required a mandatory consecutive sentence although she never constructively possessed a firearm; and (4) the court abused its discretion by permitting her to testify at her co-defendant's detention hearing regarding material elements of a crime in which she was a target without appointing her counsel.

As to the factual basis for her first and second grounds, movant contends her attorney advised her to plead guilty and stipulate to conduct that was factually inaccurate. Specifically, movant contends she never admitted to the elements of bank robbery, nor did she admit to the constructive possession, use or carrying of a firearm during a crime of violence. Movant further contends that although she told her

attorney prior to signing the factual resume that she did not know her co-defendant had a gun at the time of the robbery and never went to the bank or its property, her attorney advised her to sign the factual resume anyway. Movant contends her counsel also encouraged her to accept the guilty plea so she would escape perjury charges, and claims counsel should have known she would lose acceptance of responsibility points for pleading guilty. The result, movant contends, is an unknowing and involuntary guilty plea.

As to the factual basis for her third ground, movant contends she had no knowledge of the gun used by her co-defendant in the bank robbery, nor did she constructively possess, brandish, or actively employ the firearm at any time.

The factual basis for movant's fourth ground concerns her testimony in support of her co-defendant, Anthony Williams, at his detention hearing. At the time of her testimony on behalf of Williams, movant had not yet been charged with any crime and no proceedings had been initiated against her. Nevertheless, movant contends it was error for the court to allow her to testify without the appointment of counsel, as her testimony was later determined to be perjury and was used to enhance her sentence.

### III.

### Treatment of § 2255

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a

3

reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 687. "A court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000) (per curiam). Prejudice in the context of a guilty plea requires movant to show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Judicial scrutiny of this type of claim must be highly deferential, and the movant must overcome a strong presumption that her counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

Movant is entitled to no relief based on the alleged ineffective assistance of counsel because she has failed to meet the standard set forth by Strickland.

IV.

None of the Grounds Has Merit

A. Grounds One and Two

Movant's first and second grounds essentially contend that her attorney's alleged conduct resulted in a guilty plea that was neither knowing or voluntary. For a guilty plea to be knowing and voluntary, the defendant must have "a full understanding of

4

what the plea connotes and of its consequence." United States v. Hernandez, 234 F.3d 252, 255 (5th Cir. 2000) (internal quotations and citations omitted). However, "[t]he defendant need only understand the direct consequences of the plea; he need not be made aware every consequence that, absent a plea of guilty, would not otherwise occur." Id. (internal citations omitted). "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged." Ables v. Scott, 73 F.3d 591, 592 n.2 (5th Cir. 1996) (internal quotations omitted). The defendant's representations, as well as those of her lawyer and the prosecutor, and any findings by the judge in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy burden to show that the plea was involuntary after testifying to its voluntariness in open court. Deville v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994).

The record here squarely contradicts movant's claims. At her rearraignment, movant waived the reading of the superseding indictment, but testified that before signing the factual resume and plea agreement she read each one, understood what each document was before she signed it, and discussed the legal significance of them with her attorney. Rearraignment Tr. at 13-15, 29. Movant heard all of the elements of the offenses to

5

which she pleaded guilty read aloud, as well as the stipulated facts, and she admitted that all of the facts were true. Id. at 16, 30-31. Movant testified that she understood that the sentencing guidelines are advisory but knew they would apply to her case. Id. at 7-8. After considering all of the aforementioned testimony, the court expressly found her plea to be knowing and voluntary. Id. at 31-31. Under these facts, it is clear that movant knew the consequences of her plea as contemplated by the Fifth Circuit, and the court cannot now conclude that movant's plea was anything other than knowing and voluntary. United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998).

B. Ground Three

The transcript of movant's rearraignment hearing refutes the third ground of her motion, that she had no knowledge of the gun used by Williams to rob the bank. The following statement was included in the reading of the stipulated facts:

> Specifically, [movant] drove Williams to the Wachovia Bank on August 15th, 2007, knowing that Williams intended to rob the bank. [Movant] also knew that Williams intended to use and carry a firearm during the commission of that robbery.

Rearraignment Tr. at 30. Movant testified that all of the stipulated facts were true and correct. For the reasons discussed supra, movant's after-the-fact assertions cannot overcome her sworn testimony.

To the extent movant contends she cannot be charged under 18 U.S.C. § 924(c) because she did not brandish or actively employ

6

the firearm, her argument is foreclosed by Fifth Circuit precedent. To sustain a charge under § 942(c)(1) requires a showing that the defendant "act[ed] with the knowledge or specific intent of advancing the 'use' of the firearm" and "performed some affirmative act relating to the firearm." United States v. Lopez-Urbina, 434 F.3d 750, 758 (5th Cir. 2005) (brackets and internal quotation mark in original). Movant's admissions at her rearraignment hearing--that she drove Williams to the bank, knowing that he intended to use a firearm to rob that bank--are sufficient to sustain her conviction pursuant to 18 U.S.C. § 924(c)(1). See United States v. Thompson, 454 F.3d 459, 466 (5th Cir. 2006) (affirming conviction under § 924(c)(1) where defendant drove getaway car and knew firearm was used in bank robbery).

C. Ground Four

Movant contends she was entitled to representation when she testified at Williams's detention hearing, and that the court's failure to appoint counsel rendered that testimony invalid. It is undisputed that movant testified voluntarily at Williams's detention hearing, and that her testimony was given prior to the initiation of any proceedings against her. Movant had no right to counsel during her testimony at Williams's detention hearing, and the court expressly overruled her attorney's objection on this point during sentencing. This claim affords movant no relief.

V.

ORDER

Therefore,

The court ORDERS that the motion of Tippany Denae Grooms to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED July 30, 2010.

_____
JOHN McBRYDE
United States District Judge